**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Melinda Malphrus Carn, | Civil Action No.:  9:16-cv-00892-DCN |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| Wal-Mart Stores, Inc. and Wal-Mart Stores, East, LP, | |
| Defendants. | |

1.     Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP (hereinafter "Defendants"),[1] file this Notice of Removal of the above-entitled action from the Circuit Court of Jasper County, South Carolina, to the United States District Court for the District of South Carolina, Beaufort Division, pursuant to 28 U.S.C. § 1441.

2.     The above-titled action was instituted by the Plaintiff against the Defendants by the service of a Summons and Complaint filed on February 9, 2016, in the Jasper County Court of Common Pleas.  Defendants were served with the Summons and Complaint by regular mail on their registered agent, CT Corporation, on February 19, 2016, with a due date for response of March 20, 2016.  The action is currently pending in the Court of Common Pleas for Jasper County, South Carolina, Civil Action No. 2016-CP-27-0042.  No further proceedings have been filed, and the Summons and Complaint constitute all process, pleadings, and orders served in this action.  Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint are filed herewith.

---

[1]Defendant Wal-Mart Stores, Inc. is not a proper party to this action.  The only proper defendant is Wal-Mart Stores East, LP.  Counsel for Defendants will accept service of an amended Summons and Complaint, the only change of which is the removal of the improper party.  In the alternative, Defendants will consent to amend the caption.

3.    There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action could have originally been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this suit is removable because, as set forth more fully below, the amount in controversy exceeds the jurisdictional threshold and because there is complete diversity of citizenship between the Plaintiff and the Defendants. Based upon the pleadings and upon information and belief, the amount in controversy as related to the Plaintiff's claims exceeds Seventy-Five Thousand and NO/100 ($75,000.00) Dollars, exclusive of interests and costs.

4.    At the time of commencement of the action, Plaintiff was a resident of the State of South Carolina.[2] Defendants were, at the time of the commencement of the action and still are, corporate entities organized and existing under the laws of a state other than South Carolina and having their principal place of business in a state other than South Carolina.[3] Specifically, pursuant to 28 U.S.C. § 1332(c)(1), Defendants are citizens of both Delaware and Arkansas, as they are Delaware corporate entities with a principal place of business in Arkansas.

5.    The Complaint arises from an alleged incident in which the Plaintiff asserts that she slipped and fell while shopping in Defendants' retail store located in Hardeeville, South Carolina. *See* Complaint at ¶ 4. Plaintiff further alleges that she suffered injuries, pain, and suffering and has incurred medical expenses, lost wages, and loss of enjoyment of life for which she is entitled to actual damages. *See* Complaint at ¶ 5.

6.    Therefore, the preponderance of the evidence indicates the value of the matter in dispute exceeds the sum of Seventy-Five Thousand and NO/100 ($75,000.00) Dollars, exclusive

---

[2] Paragraph 1 of the Complaint states: "That the Plaintiff is a citizen and resident of Jasper County, South Carolina."
[3] Defendant Wal-Mart Stores, Inc. is not a proper party to this action. The only proper defendant is Wal-Mart Stores East, LP, which operated the subject retail store at all times relevant to this action. Both Wal-Mart corporate entities are foreign citizens organized and existing under the laws of Delaware and having their principal place of business in Arkansas.

of interest and costs, and said action is one over which the District Court of the United States has original jurisdiction under 28 U.S.C. § 1332.

7.     Defendants hereby give counsel for the Plaintiff written notice of the removal of this action and have provided Notice of Filing Notice of Removal with a copy of the Notice of Removal to the Clerk of Court for Jasper County, as required by 28 U.S.C. § 1446(d).

8.     Defendants file this Notice of Removal within thirty (30) days of the receipt of Plaintiff's Complaint in the State Court action as calculated under the applicable rules, which was the first pleading received by Defendants setting forth the claims for relief upon which this action is based.

WHEREFORE, Defendants respectfully submit this Notice of Removal of the State Court action to this Court this 18th day of March, 2016.

S/Robert C. Blain
Amy L. Gaffney, USDC ID No. 6316
Robert C. Blain, USDC ID No. 11470
**GAFFNEY LEWIS & EDWARDS, LLC**
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
803.790.8838 (office)
803.790.8841 (fax)

March 18, 2016
Columbia, South Carolina

Attorneys for Defendants