

# United States District Court
## District of South Carolina

Matthew J. Perry, Jr., Federal Courthouse
901 Richland Street
Columbia, South Carolina 29201

Robin L. Blume
Clerk of Court

August 31, 2021

Telephone (803) 765-5789
Fax (803) 765-5469

Catherine D. Badgett, Esq.
Badgett Law Firm
Post Office Box 2020
Ridgeland, SC  29936

      Re:    Carn v. Wal-Mart Stores Inc., et al.
              9:16-cv-00892

Dear Ms. Badgett:

I have been contacted by Judge David C. Norton who presided over the above-mentioned case. Judge Norton informed me that it has been brought to his attention that while he presided over this case, he owned stock in Wal-Mart, Inc. His ownership of stock neither affected nor impacted any decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Norton directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Norton's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 15, 2021. Any response will be considered by another judge of this court without the participation of Judge Norton.

Sincerely,

*Robin L Blume*

Robin L. Blume
Clerk of Court



UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

MATTHEW J. PERRY, JR., FEDERAL COURTHOUSE
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201

ROBIN L. BLUME                                                                TELEPHONE (803) 765-5789
CLERK OF COURT                         August 31, 2021                        FAX (803) 765-5469

Kelly Teague Evans, Esq.
Hire Quest
111 Springhall Drive
Goose Creek, SC 29445

      Re:    Carn v. Wal-Mart Stores Inc., et al.
             9:16-cv-00892

Dear Ms. Evans:

      I have been contacted by Judge David C. Norton who presided over the above-mentioned case. Judge Norton informed me that it has been brought to his attention that while he presided over this case, he owned stock in Wal-Mart, Inc. His ownership of stock neither affected nor impacted any decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Norton directed that I notify the parties of the conflict.

      Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

      Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

      With Advisory Opinion 71 in mind, you are invited to respond to Judge Norton's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 15, 2021. Any response will be considered by another judge of this court without the participation of Judge Norton.

Sincerely,

*Robin L. Blume*

Robin L. Blume
Clerk of Court



UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

MATTHEW J. PERRY, JR., FEDERAL COURTHOUSE
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201

ROBIN L. BLUME
CLERK OF COURT

August 31, 2021

TELEPHONE (803) 765-5789
FAX (803) 765-5469

Amy Lohr Gaffney, Esq.
Gaffney Lewis LLC
3700 Forest Drive, Suite 400
Columbia, SC 29204

Robert Canna Blain, Esq.
Gaffney Lewis LLC
3700 Forest Drive, Suite 400
Columbia, SC 29204

    Re:    Carn v. Wal-Mart Stores Inc., et al.
              9:16-cv-00892

Dear Ms. Gaffney and Mr. Blain:

    I have been contacted by Judge David C. Norton who presided over the above-mentioned case. Judge Norton informed me that it has been brought to his attention that while he presided over this case, he owned stock in Wal-Mart, Inc. His ownership of stock neither affected nor impacted any decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Norton directed that I notify the parties of the conflict.

    Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

    Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

Amy Lohr Gaffney, Esq.
Robert Canna Blain, Esq.
August 31, 2021
Page Two

    With Advisory Opinion 71 in mind, you are invited to respond to Judge Norton's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 15, 2021. Any response will be considered by another judge of this court without the participation of Judge Norton.

    Sincerely,

    *Robin L. Blume*

    Robin L. Blume
    Clerk of Court



**UNITED STATES DISTRICT COURT**
DISTRICT OF SOUTH CAROLINA

MATTHEW J. PERRY, JR., FEDERAL COURTHOUSE
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201

ROBIN L. BLUME
CLERK OF COURT

TELEPHONE (803) 765-5789
FAX (803) 765-5469

August 31, 2021

R. Thayer Rivers, Jr., Esq.
Rivers Law Office
Post Office Box 668
Ridgeland, SC 29936

  Re: Carn v. Wal-Mart Stores Inc., et al.
    9:16-cv-00892

Dear Mr. Rivers:

  I have been contacted by Judge David C. Norton who presided over the above-mentioned case. Judge Norton informed me that it has been brought to his attention that while he presided over this case, he owned stock in Wal-Mart, Inc. His ownership of stock neither affected nor impacted any decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Norton directed that I notify the parties of the conflict.

  Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

  Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

  With Advisory Opinion 71 in mind, you are invited to respond to Judge Norton's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 15, 2021. Any response will be considered by another judge of this court without the participation of Judge Norton.

Sincerely,

*Robin L. Blume*

Robin L. Blume
Clerk of Court